IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In re:                          )
                                )
SALVADOR B. and                 )      2:05-cv-1107-GEB
DOLORES SALAS,                  )
                                )      Bankruptcy Court Case No.
          Debtors.              )      04-31266-D-7
_____)
                                )      <u>TENTATIVE RULING</u>*
SALVADOR B. and                 )
DOLORES SALAS,                  )
                                )
              Appellants,       )
        v.                      )
                                )
MICHAEL MCGRANAHAN,             )
Bankruptcy Trustee,             )
                                )
              Appellee.         )
_____)

        This is an appeal from a ruling of the United States

Bankruptcy Court that denied Appellants' motion to force Appellee,

the trustee of the chapter 7 estate, to abandon the estate's

interest in Appellants' residence.  The bankruptcy court ruled the

non-exempt equity created by the appreciation of Appellants'

residence after the filing of their chapter 13 petition belonged to

_____

        *    This tentative ruling issues in advance of the hearing
scheduled in this matter to aid the parties in their preparation for
argument.

1

the converted chapter 7 estate.[1]  For the reasons stated below, the decision of the bankruptcy court is reversed and remanded.

                         STANDARD OF REVIEW

        The issue to be decided on appeal is one of law, and is therefore reviewed de novo.  In re Bammer, 131 F.3d 788, 792 (9th Cir. 1997); In re Jodoin, 209 B.R. 132, 135 (9th Cir. BAP 1997).

                            BACKGROUND

        On December 30, 2002, Appellants filed a petition for bankruptcy protection under chapter 13.  Appellants included in their petition their personal residence located in Stockton, California, (the "Stockton Property") and valued it at $190,000. Two creditors holding deeds of trust on the Stockton Property filed secured claims totaling $131,603.17, resulting in equity of $58,396.83 in the Stockton Property.  Appellants also claimed a $75,000 homestead exemption in their petition under California Code of Civil Procedure § 704.710 et seq.  No objections were filed against the homestead exemption or the valuation of the Stockton Property.  On May 7, 2003, Appellants' chapter 13 plan was confirmed.  Because of the two secured claims and Appellants' homestead exemption, no non-exempt equity existed in the Stockton Property when the plan was confirmed.

        On February 17, 2004, Appellants' chapter 13 case was converted to chapter 7 due to their inability to meet the plan's requirements.  Appellee was appointed trustee of the chapter 7 estate.

        Between confirmation of the chapter 13 plan and the subsequent conversion to chapter 7, the Stockton Property

_____

        [1]    Unless otherwise noted, all chapter and section references are to the Bankruptcy Code.

appreciated to a fair market value of approximately $305,000.  This
created equity in the Stockton Property above Appellants' homestead
exemption.

On January 21, 2005, Appellants filed a motion in the
bankruptcy court for an order that would have required Appellee to
abandon the estate's interest in the post-petition appreciation of
the Stockton Property.  Appellants argued there was no non-exempt
equity to benefit their creditors in the Stockton Property since
none existed when the chapter 13 plan was confirmed, and any
appreciation equity created after the chapter 13 plan was confirmed
belonged to Appellants under section 348(f), not the estate.
Appellee countered this appreciation equity enured to the benefit
of the estate.  The bankruptcy court denied Appellants' motion in a
minute order filed April 26, 2005, ruling any equity in the
Stockton Property above Appellants' homestead exemption belonged to
the estate.

DISCUSSION

Appellants argue section 348(f)(1)(B) fixes the value of
the Stockton Property to the converted chapter 7 estate at the
amount set forth in their confirmed chapter 13 plan.  Appellee
disagrees, relying on the Ninth Circuit's interpretation of
language in section 541(a)(6) "to mean that appreciation enures to
the bankruptcy estate, not the debtor."[2]  In re Reed, 940 F.2d
1317, 1323 (9th Cir. 1991).[3]  (Appellee's Br. at 4.)  Appellants

---

[2]   Section 541(a)(6) provides that property of the estate
includes "[p]roceeds, product, offspring, rents, or profits of or from
property of the estate, except such as are earnings from services
performed by an individual debtor after the commencement of the case."

[3]   The other Ninth Circuit decisions cited by Appellee for this
proposition are: In re Alsberg, 68 F.3d 312 (9th Cir. 1995); and In re
(continued...)

3

counter that section 348(f) rather than section 541(a)(6) applies

"when a [c]hapter 13 [case] is converted to a [c]hapter 7 [case]."

(Appellants' Br. at 10.)  Appellants argue that the Ninth Circuit

authority on which Appellee relies does not involve the situation

where a chapter 13 plan was confirmed, and the court had to apply

section 348(f) because the case was subsequently converted to

chapter 7.  Appellants are correct; the Ninth Circuit decisions on

which Appellee relies do not involve application of section 348(f).

Section 348(f), which governs the valuation of property

in a bankruptcy estate when a bankruptcy case is converted from one

chapter to a different chapter, was enacted by Congress in 1994.

The statute states:

> (f)(1) Except as provided in paragraph (2),
> when a case under chapter 13 of this title is
> converted to a case under another chapter under
> this title--
>
> > (A) property of the estate in the
> > converted case shall consist of
> > property of the estate, as of the
> > date of filing of the petition, that
> > remains in the possession of or is
> > under the control of the debtor on
> > the date of conversion;
> >
> > (B) valuations of property and of
> > allowed secured claims in the chapter
> > 13 case shall apply only in a case
> > converted to a case under chapter 11
> > or 12, but not in a case converted to
> > a case under chapter 7, with allowed
> > secured claims in cases under
> > chapters 11 and 12 reduced to the
> > extent that they have been paid in
> > accordance with the chapter 13
> > plan;
> >
> > . . .
>
> (2) If the debtor converts a case under chapter
> 13 of this title to a case under another

---

[3](...continued)
Hyman, 967 F.2d 1316 (9th Cir. 1992).

4

chapter under this title in bad faith, the
property of the estate in the converted case
shall consist of the property of the estate as
of the date of conversion.[4]

Section 348(f) provides that the value of the Stockton

Property is governed by section 348(f)(1)(B), which states that in

the absence of bad faith, the "valuations of property . . . in the

Chapter 13 case shall apply in the converted case . . . ."[5]   11

U.S.C. § 348(f)(1)(B).

"Section 348(f) does not provide specific guidance of

what constitutes a 'valuation' in a [c]hapter 13 case." Bargeski

v. Rose, 2006 WL 1238742, at *4 (D. Md. March 31, 2006).  "While

the Ninth Circuit itself has not yet addressed this issue, other

courts within [and outside] the Ninth Circuit have cited with

approval the general conclusion that confirmation of a plan

constitutes an implicit valuation."  In re Niles, 342 B.R. 72, 74-

75 (Bankr. D. Ariz. 2006); see also In re Peter, 309 B.R. 792, 795

(Bankr. D. Or. 2004) (stating that without plan confirmation there

is no valuation to entitle the debtor to post-petition

appreciation); In re Kuhlman, 254 B.R. 755, 758 (Bankr. N.D. Cal.

2000) (stating that chapter 13 plan confirmation acts as an

implicit valuation for purposes of section 348(f)(1)(B), but

holding that where there was no plan confirmation, there was no

valuation and, therefore, the debtor was not entitled to post-

---

[4]    A 2005 amendment to this subsection altered its language to
explicitly exclude chapter 13 to chapter 7 conversions from coverage.
However, the amendment does not apply in this case because Appellants'
bankruptcy case commenced before the non-retroactive amendment was
enacted.  See Bankruptcy Abuse Prevention and Consumer Protection Act of
2005, Pub. L. No. 109-8, § 1501 (2005) (effective in cases commenced 180
days after enactment).

[5]    Appellee makes no claim that Appellants converted their case
to chapter 7 in bad faith.

petition, pre-conversion appreciation).[6]  This conclusion comports

with the legislative intent of the Bankruptcy Reform Act of 1994,

which brought section 348(f) into the Bankruptcy Code to "encourage

debtors to reorganize their affairs through chapter 13 rather than

to immediately liquidate their property under chapter 7."  Warren

v. Peterson, 298 B.R. 322, 326 (N.D. Ill. 2003).  The

interpretation of section 348(f)(1)(B) provided in Niles, Wegner,

and Kuhlman as to "implicit valuation" and its binding effect on

the converted estate is persuasive and comports with the text and

legislative purpose of the statute.  Therefore, the order

confirming Appellants' chapter 13 bankruptcy plan was an implicit

valuation of the scheduled property, which is binding on the

converted chapter 7 estate.

        Appellee argues that "the [post-petition] appreciation is

not property in and of itself" but instead "is merely a

characteristic of the property" which Appellants acquired "prior to

_____

        [6]     Although "some courts disagree with the concept of implicit
valuation[,] . . . the rationale for rejecting the concept is not
compelling.  In In re Jackson, 317 B.R. 511 (Bankr. N.D. Ill. 2004), the
court stated that often parties simply rely on the scheduled value of
all the debtor's property and not simply one piece, and may neither have
the opportunity nor the need to value one item in the bundle of assets
belonging to the debtor.  Further, determining the actual value of each
piece of property is often not necessary in determining whether the
proposed plan meets the best interests test of 11 U.S.C. section
1325(a)(4).  In addition, allowing the debtor to reap the benefit of
such appreciation, according to the Jackson court, would encourage
debtors to file chapter 13, undervalue their property and then later
seek conversion after confirmation. This Court disagrees. With respect
to the latter contention, Section 348(f)(2) expressly contains a
requirement that conversion be proposed in good faith and debtors must
proceed throughout bankruptcy in good faith.  Further, excusing the
trustee or the creditors from insisting on a formal valuation proceeding
if there are any potential questions as to valuation at the time of
confirmation is a bit extreme.  The law consistently places a burden on
litigants to protect their rights and object if those rights are not
being protected."  In re Niles, 342 B.R. at 74 n.1.

the commencement of the chapter 13 case . . . ." (Appellee's Opening Brief, May 2, 2006, at 4.) "While admittedly an increase in value to real property is not the same as after-acquired property as that term is traditionally defined under bankruptcy law, it is similar in nature and justifies the same result. Denying the debtor the increase in value upon conversion would . . . act as a disincentive to filing chapter 13 in the first instance." In re Niles, 342 B.R. at 76.

Therefore, the value of the Stockton Property to the chapter 7 estate was circumscribed by section 348(f)(1)(B) and limited to the value given it in Appellants' confirmed chapter 13 plan. Consequently, Appellants, not the estate, are entitled to the post-petition appreciation equity. The decision of the bankruptcy court is reversed and the matter is remanded to the bankruptcy court for further proceedings consistent with this opinion.

Dated:  September 15, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

7