IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SALVADOR B. and DOLORES SALAS,<br><br>Debtors. | 2:05-cv-1107-GEB<br><br>Bankruptcy Court Case No. 04-31266-D-7<br><br>ORDER |
| SALVADOR B. and DOLORES SALAS,<br><br>Appellants,<br><br>v.<br><br>MICHAEL MCGRANAHAN, Bankruptcy Trustee,<br><br>Appellee. | |

Appellee moves for rehearing under Federal Rule of Bankruptcy Procedure 8015 ("Rule 8015"), requesting "this [C]ourt's opinion dated September 26, 2006[,] be augmented to include a determination on the issue of whether the appreciation of the [Appellants'] property which accrued post-conversion in the Chapter 7 case inured to the benefit of [the] bankruptcy estate or the debtors." (Mot. for Rehearing at 3.) At oral argument on this matter, Appellee

further requested that the Court specify in this Order if it is unwilling to reach the issue.

Rule 8015 states that "a motion for rehearing may be filed within 10 days after entry of the judgment . . . ." Although Rule 8015 "does not explicitly provide a standard for granting [a motion for rehearing,]" the Ninth Circuit has imputed the standard in Federal Rule of Appellate Procedure 40 because "the Advisory Committee Notes to Rule 8015 state that it was an adaptation of Fed. R. App. P. 40(a)." In re Fowler, 394 F.3d 1208, 1215 (9th Cir. 2005.) Federal Rule of Appellate Procedure 40(a)(2) requires that the motion "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended . . . ." Appellee's motion was timely, and states with particularity the point of law on which clarification is sought.

Appellants counter rehearing should be denied because "appellee did not make this argument at the trial [c]ourt hearings, and did not raise or brief this issue in his appeal brief. . . . Appellee has therefore waived this issue on appeal . . . ." (Opp'n to Mot. for Rehearing ("Opp'n") at 1.)

"Absent exceptional circumstances, [courts] generally will not consider arguments raised for the first time on appeal, although [they] have discretion to do so." In re America West Airlines, Inc., 217 F.3d 1161, 1165 (9th Cir. 2000) (citation omitted). "One 'exceptional circumstance' is when the issue is one of law and either does not depend on the factual record, or the record has been fully developed. . . ." Id. (citation omitted). Because Appellee's argument reveals that the ruling in the September 26 Order needs

clarification and concerns a matter of statutory construction, it will be addressed.

This appeal is from the United States Bankruptcy Court's ruling that denied Appellants' motion for abandonment of property. Appellants moved "the Court [to] [o]rder that the [Appellee] abandon the real estate interest in the [Appellants' residence,]" arguing there was no non-exempt equity in Appellants' residence to benefit their creditors since none existed when the chapter 13 plan was confirmed, and any appreciation equity over the amount existing when the chapter 13 plan was confirmed belonged to Appellants under section 348(f). (Appellants' Excerpts of Record at 6.) Appellee countered that this appreciation equity belongs to the estate. The bankruptcy court denied Appellants' motion in a minute order filed April 26, 2005, ruling in pertinent part that the non-exempt equity created by the appreciation of Appellants' residence after the filing of their chapter 13 petition belonged to the converted chapter 7 estate, and that Appellants' "interest in the property . . . is capped by the value of their homestead exemption." (Id. at 31.)

A tentative ruling issued just before oral argument on the appellate questions September 15, 2006. Salas v. McGranahan, 2006 WL 2650160 (E.D. Cal. Sept. 15, 2006).[1] Oral argument was held September 18, 2006.[2] An Order issued September 26, 2006, connoting

---

[1] It is unclear why this tentative ruling was placed online.

[2] At oral argument, Appellee raised the significance of the fact that Appellants' property did not vest with them upon conversion of their chapter 13 proceeding to a chapter 7 proceeding. Appellants countered that Appellee had waived this issue since it was not presented to the bankruptcy court; Appellee did not rebut this argument. The record reveals Appellee did make passing reference to the vesting issue in the bankruptcy court and in his appellate brief. (See Appellants'
(continued...)

that Appellants were entitled to the appreciation of their residence that accrued during the chapter 13 case. Salas v. McGranahan, 2006 WL 2788313, at *3 (E.D. Cal. Sept. 26, 2006). Judgment was entered, following which Appellee filed his motion for rehearing on October 6, 2006. Oral argument was held November 13, 2006.

STANDARD OF REVIEW

Since the issues to be decided on appeal are questions of law, the de novo standard applies. In re Bammer, 131 F.3d 788, 792 (9th Cir. 1997); In re Jodoin, 209 B.R. 132, 135 (9th Cir. BAP 1997).

BACKGROUND

On December 30, 2002, Appellants filed a petition for bankruptcy protection under chapter 13. Appellants included in their petition their personal residence located in Stockton, California, (the "Stockton Property") and valued it at $190,000. Two creditors holding deeds of trust on the Stockton Property filed secured claims totaling $131,603.17, resulting in equity of $58,396.83 in the Stockton Property. Appellants also claimed a $75,000 homestead exemption in their petition under California Code of Civil Procedure § 704.710 et seq. No objections were filed against the homestead exemption or the valuation of the Stockton Property. On May 7, 2003, Appellants' chapter 13 plan was confirmed. Because of the two secured claims and Appellants' homestead exemption, no non-exempt equity existed in the Stockton Property when the plan was confirmed.

---

[2] (...continued)
Excerpts of the Record at 21; Appellee's Br. at 6.) However, "[a] district judge is . . . entitled to disregard a ground raised but not pressed." National Metalcrafters, Div. of Keystone Consol. Industries v. McNeil, 784 F.2d 817, 825 (7th Cir. 1986). Since Appellee presented the vesting issue in a "perfunctory and underdeveloped . . . manner" and did not press the issue at oral argument, this argument will not be reached. Id.

On February 17, 2004, Appellants' chapter 13 case was converted to chapter 7 due to their inability to meet the plan's requirements. Appellee was appointed trustee of the chapter 7 estate.

During the pendency of the chapter 13 case, the Stockton Property appreciated to a fair market value of approximately $305,000. This equity exceeded Appellants' homestead exemption.

## DISCUSSION

### I. Post-petition Appreciation

Appellants argue the language, legislative history of section 348(f), and the pertinent case law "support[] the position that . . . it is the [Stockton Property's] value as of the date the [c]hapter 13 was filed that becomes property of the [c]hapter 7 estate upon conversion" and any "post-petition appreciation belongs to [Appellants] . . . ." (Appellants' Br. at 6, 10.) Appellee disagrees, relying on the Ninth Circuit's interpretation of language in section 541(a)(6) "to mean that appreciation enures to the bankruptcy estate, not the debtor."[3] In re Reed, 940 F.2d 1317, 1323 (9th Cir. 1991).[4] (Appellee's Br. at 4.) Appellants counter that section 348(f) rather than section 541(a)(6) applies "when a [c]hapter 13 [case] is converted to a [c]hapter 7 [case,]" (Appellants' Br. at 10), and argue that the Ninth Circuit authority on which Appellee relies "does not . . . deal[] with the effect of [section 348(f)] when

---

[3] Section 541(a)(6) provides that property of the estate includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case."

[4] The other Ninth Circuit decisions cited by Appellee for this proposition are: In re Alsberg, 68 F.3d 312 (9th Cir. 1995) and In re Hyman, 967 F.2d 1316 (9th Cir. 1992).

a confirmed [c]hapter 13 case is converted to a [c]hapter 7 case." (Appellants' Reply Br. at 4.)

The Ninth Circuit decisions on which Appellee relies do not involve application of section 348(f). Congress enacted section 348(f) as part of the Bankruptcy Reform Act of 1994, and that section governs the valuation of property in a bankruptcy estate when a bankruptcy case is converted from a chapter 13 proceeding to a chapter 7 proceeding. The statute states:

> (f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title--
>
> (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; and
>
> (B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.
>
> (2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion.[5]

/////

/////

/////

[5] A 2005 amendment to this subsection altered its language to explicitly exclude from coverage chapter 13 to chapter 7 conversions. However, the amendment does not apply in this case because Appellants' bankruptcy case commenced before the non-retroactive amendment was enacted. See Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 1501 (2005) (effective in cases commenced 180 days after enactment).

Because this is a converted case, the value of the Stockton Property at the time of conversion is governed by section 348(f).[6]

The language of section 348(f) "does not indicate whether equity in . . . property that did not exist at the time . . . the Chapter 13 [plan was confirmed] should . . . be considered property of the estate for Chapter 7 purposes." In re Boyum, 2005 WL 2175879, at *2 (D. Or. Sept. 6, 2005). Nor does this section "provide specific guidance of what constitutes a 'valuation' in a [c]hapter 13 case." Bargeski v. Rose, 2006 WL 1238742, at *4 (D. Md. March 31, 2006). Therefore, it is necessary to examine the section's legislative history. See Nuclear Info. and Res. Serv. v. U.S. Dep't of Transp. Research and Special Programs Admin., 457 F.3d 956, 960 (9th Cir. 2006) ("Courts can only look to legislative history to determine congressional intent if a statute is ambiguous.").

The Bankruptcy Reform Act of 1994 brought section 348(f) into the Bankruptcy Code to "encourage debtors to reorganize their affairs through chapter 13 rather than to immediately liquidate their property under chapter 7." Warren v. Peterson, 298 B.R. 322, 326 (N.D. Ill. 2003); see also In re Archie, 240 B.R. 425, 431-32 (S.D. Ala. 1999) ("the Bankruptcy Code was meant to encourage income earners with financial problems to attempt chapter 13 rather than filing chapter 7 as a first resort") (citing In re Pearson, 214 B.R. 156, 164 (Bankr. N.D. Ohio 1997) for the proposition that the legislative history to section 348(f) showed Congress's "concern that debtors not be discouraged from filing chapter 13 cases because of their fear of losing benefit of initial chapter 7 filing").

---

[6] Appellee makes no claim that Appellants converted their case to chapter 7 in bad faith.

Several courts have found the legislative history supports the "general conclusion that confirmation of a plan constitutes an implicit valuation [under section 348(f)]." In re Niles, 342 B.R. 72, 74, 76 (Bankr. D. Ariz. 2006), which "assures that property of a successor Chapter 7 case excludes the amount by which property appreciates during the pendency of a Chapter 13 case." In re Wegner, 243 B.R. 731, 734 (Bankr. D. Neb. 2000). See also Warren, 298 B.R. at 326 ("[R]ecognizing implicit valuations is consistent with congressional intent as it encourages debtors to file chapter 13."); In re Slack, 290 B.R. 282, 287 (Bankr. D. N.J. 2003) (relying on section 348(f)'s legislative history to hold a "chapter 13 plan['s] confirm[ation] . . . [i]s an implicit finding that the scheduled value . . . [i]s proper"); In re Page, 250 B.R. 465, 466 (Bankr. D. N.H. 2000) (relying on section 348(f)'s legislative history to hold that "the value of the property as scheduled in the confirmation process is, in fact, the valuation for purposes of section 348(f)"); c.f. In re Kuhlman, 254 B.R. 755, 758 (Bankr. N.D. Cal. 2000) (agreeing with reasoning of In re Page and stating "confirmation of a [c]hapter 13 plan is an implicit valuation which meets the requirement of [section 348(f)], so that post[-]petition appreciation belongs to the debtor[,]" but holding that where there was no plan confirmation, there was no valuation and, therefore, the debtor was not entitled to post-petition appreciation); but see In re Jackson, 317 B.R. 511, 513-14 (Bankr. N.D. Ill. 2004) (disagreeing with the concept of implicit valuation). The interpretation of section 348(f) that confirmation of the chapter 13 plan is an "implicit valuation" that applies to the converted estate comports with the text and legislative purpose of the statute.

"'The legislative history [indicates] that equity created during the chapter 13 case is not property of the estate.'" In re Jackson, 317 B.R. at 513 (quoting 3 Collier on Bankruptcy ¶ 348.07[1] (15th ed. rev'd 2004)). This history addresses conversion of a case under chapter 13, stating:

> This amendment would clarify the Code to resolve a split in the case law about what property is in the bankruptcy estate when a debtor converts from chapter 13 to chapter 7. The problem arises because in chapter 13 (and chapter 12), any property acquired after the petition becomes property of the estate, at least until confirmation of a plan. Some courts have held that if the case is converted, all of this after-acquired property becomes part of the estate in the converted chapter 7 case, even though the statutory provisions making it property of the estate do not apply to chapter 7. Other courts have held that property of the estate in a converted case is the property the debtor had when the original chapter 13 petition was filed.
>
> These latter courts have noted that to hold otherwise would create a serious disincentive to chapter 13 filings. For example, a debtor who had $10,000 equity in a home at the beginning of the case, in a State with a $10,000 homestead exemption, would have to be counseled concerning the risk that after he or she paid off a $10,000 second mortgage in the chapter 13 case, creating $10,000 in equity, there would be a risk that the home could be lost if the case were converted to chapter 7 (which can occur involuntarily). If all of the debtor's property at the time of conversion is property of the chapter 7 estate, the trustee would sell the home, to realize the $10,000 in equity for the unsecured creditors and the debtor would lose the home.
>
> This amendment overrules the holding in cases such as Matter of Lybrook, 951 F.2d 136(7th Cir. 1991) and adopts the reasoning of In re Bobroff, 766 F.2d 797 (3d Cir. 1985). However, it also gives the court discretion, in a case in which the debtor has abused the right to convert and converted in bad faith, to order that all property held at the time of conversion shall constitute property of the estate in the converted case.

/////

H.R. Rep. No. 103-835, at 57 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340, 3366.

In re Bobroff explains that one of the goals of the Bankruptcy Code is to "encourag[e] the use of debt repayment plans [through chapter 13] rather than liquidation [through chapter 7]." 766 F.2d at 803. Limiting the property of the estate in a converted case to that which the debtor had in the chapter 13 case serves this goal because "[i]f debtors must take the risk that property acquired during the course of an attempt at repayment will have to be liquidated for the benefit of creditors if chapter 13 proves unavailing, the incentive to give chapter 13 . . . a try will be greatly diminished." Id.

Appellee argues that "the [post-petition] appreciation is not property in and of itself" but instead "is merely a characteristic of the property" which Appellants acquired "prior to the commencement of the chapter 13 case . . . ." (Appellee's Br. at 4.) "While admittedly an increase in value to real property is not the same as after-acquired property as that term is traditionally defined under bankruptcy law, it is similar in nature and [here] justifies the same result." In re Niles, 342 B.R. at 76.

Therefore, the order confirming Appellants' chapter 13 bankruptcy plan was an implicit valuation of the scheduled property, and the equity appreciation of the Stockton Property before conversion to chapter 7 belongs to the debtors.

II. Post-Conversion Appreciation

Appellee argues notwithstanding that "[Appellants] may be entitled to the property appreciation gained during the pendency of their efforts in the Chapter 13 case," section 348(f) "limit[s] the

value of the subject property as of the date of conversion but not beyond such conversion date." (Mot. for Rehearing at 3.) At oral argument on this matter, Appellants conceded that Appellee's position is probably right, but argued Appellee waived the matter by not raising it in the bankruptcy court, and that the matter was not briefed below nor in the appellate action. Thus, Appellants indicated Appellee's position on the matter might not be disputed. Appellee rejoined that the issue should be reached because it involves purely a question of law. The Court then asked Appellants whether section 348(f) addresses what happens to post-conversion appreciation, and Appellants responded that section 348(f) does not address the issue.

Since Appellants concede that section 348(f) does not address this issue, that their appeal concerns the value of the chapter 13 estate upon conversion, and that Appellee's position about post-conversion appreciation is probably right, the issue of entitlement to post-conversion appreciation has not been shown ripe for appellate decision. See United States v. Rodriguez-Rodriguez, 441 F.3d 767, 771 (9th Cir. 2006) ("Ripeness doctrine requires that there exist a case or controversy and that the issues presented are definite and concrete, not hypothetical or abstract.") (internal quotations and citations omitted). Therefore, this issue is not reached.

/////

/////

/////

/////

/////

/////

/////

Conclusion

For the stated reasons, the bankruptcy court is reversed and the matter is remanded to the bankruptcy court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: November 14, 2006

GARLAND E. BURRELL, JR.
United States District Judge